560 P.2d 870

STATE of Idaho, Plaintiff-Respondent,

v.

Sterling W. JONES and Gloria Jean Jones, Defendants-Appellants.

No. 12305.

Supreme Court of Idaho.

Feb. 28, 1977.

Golden R. Bennett, Twin Falls, for defendants-appellants.

Wayne L. Kidwell, Atty. Gen., Lynn E. Thomas, Deputy Atty. Gen., P. Mark Thompson, Asst. Atty. Gen., Boise, for plaintiff-respondent.

PER CURIAM:

The defendants, husband and wife, were convicted of possession of heroin with intent to deliver, based upon their pleas of guilty to a single count information. The defendants had no prior convictions for any serious offense, and were apparently selling heroin in order to finance their own use of heroin, to which they had been addicted for some time. The trial court sentenced both defendants to ten years in the state penitentiary, even though they demonstrated that they had made substantial rehabilitation efforts since their arrest, and had apparently overcome their heroin addiction.

The defendants appeal on the sole ground that the sentence imposed by the trial court was excessively harsh and was an abuse of the trial court's discretion. It is hereby ordered that the judgment of the trial court is modified to specifically retain jurisdiction for the 120 days provided for in I.C. § 19–2601(4), in order to further review the rehabilitative process of the defendants and to

review the recommendations of the Board of Corrections made pursuant to that section. *State v. Ogata*, 95 Idaho 309, 508 P.2d 141 (1973); *State v. Neil*, 13 Idaho 539, 90 P. 860 (1907).

The judgment and sentence of the trial court is affirmed as modified.

SHEPARD and BISTLINE, Justices, dissenting.

We feel that this is a proper case for appellate modification of the sentences which were imposed. I.C. § 19–2821; *State v. Ross*, 92 Idaho 709, 449 P.2d 369 (1968). While these sentences were within the limits set by law, nevertheless, under the circumstances present here, and giving due regard for the trial court's closer proximity to the case, a sentence of 10 years of penal servitude appears to be unduly harsh, and not in harmony with sentences for similar criminal conduct. *State v. Ogata, supra.* All considered, we are of the opinion that the ends of justice will still be well served by reduction of the sentences to five years for each defendant.